NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHY L. MASCOLA and JAMES MASCOLA, wife and husband,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>SEARS, ROEBUCK AND CO., ELECTROLUX HOME PRODUCTS, INC., ABC CORP. And BCD CORP. (a series of fictitious corporations), JANE DOE and JOHN DOE, (a series of fictitious names), CDE CORP. And DEF CORP. (a series of fictitious corporations), and JANE SMITH and JOHN SMITH (a series of fictitious names),<br><br>　　　　　　　　　Defendants. | **OPINION**<br><br>Civil Action No. 04-3322 (WHW) |

**Walls, Senior District Judge**

　　Defendants move for summary judgment. The motion is granted in part and denied in part.

　　**FACTS AND PROCEDURAL BACKGROUND**

　　In August 2003, plaintiff Kathy Mascola was injured while operating a lawn mower sold by defendant Sears Roebuck and Co. ("Sears") and designed by Electrolux Home Products, Inc. ("Electrolux"). (Stipulation of Facts, Joint Final Pretrial Order 7.) Mrs. Mascola testified that, while operating the mower, a hard object came out of the back of the mower and hit her left leg. Mrs. Mascola suffered a fractured tibia. (Mascola Dep. 96:7-25, July 6, 2005.) The mower was fitted with a safety guard intended to protect the user from rocks that might be thrown from the

**NOT FOR PUBLICATION**

mower. (Meyers Cert. Ex. E at 4.) Plaintiffs offer two theories as to how the object struck Mrs. Mascola: that a stone was ejected from the rear of the mower; or, in the alternative, that a stone was ejected from the mower and ricocheted off a shed in the Mascola's backyard. ( Pl.'s Contested Facts ¶¶ 11, 12, Joint Final Pretrial Order 9.)

Mrs. Mascola along with her husband, plaintiff James Mascola, brought several claims against defendants seeking damages, interest, costs of suit and punitive damages: for design or manufacturing defect (Compl. ¶ 5), for failure to warn (Compl. ¶ 8), for breach of an express or implied warranty (Compl. ¶ 11), and for strict products liability (Compl. ¶ 14.) In its opposition, plaintiffs concede that defendants are entitled to summary judgment on several of these claims. (Pl.'s Opp. 1.) First, defendant is entitled to summary judgment on plaintiffs' negligence and breach of warranty claims because these claims are subsumed by the New Jersey Products Liability Law. (Id. (citing Def.'s Supp. 18).) Second, the record does not support a manufacturing defect claim. (Id.) Finally, plaintiffs' claim that defendants failed to warn Mrs. Mascola to check the rear deflector guard before each use of the lawn mower fails on proximate cause grounds because Mrs. Mascola testified that she in fact checked the guard before each use. (Id.)

After these concessions, plaintiffs' remaining claims are grounded in design defect and failure to warn. Defendant has not moved for summary judgment with regard to the design defect claim.[1] Plaintiffs make three failure to warn claims: that defendants failed to warn of the

---

[1] On November 5, 2007, this Court ruled premature defendants' motion to exclude plaintiffs' expert with regard to design defect. Defendant has elected to file any motion for summary judgment with regard to design defect, as well as the related failure to warn claims with

**NOT FOR PUBLICATION**

need to periodically replace the guard; that defendants failed to warn that the guard could be subject to brittle failure; and that defendants failed to warn of the potential for objects thrown from the mower to ricochet off vertical surfaces. Defendant has moved for summary judgment with regard to the third failure to warn claims. Additionally, defendants argue that plaintiffs waived certain aspects of the other failure to warn claims by failing to assert them in the pretrial order.

### LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that "there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute between the parties will not defeat a motion for summary judgment unless it is both genuine and material. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for the non-moving party, and it is material if, under the substantive law, it would affect the outcome of the suit. Id. at 248. The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

---

regard to replacement and brittle failure, in conjunction with a motion to exclude plaintiffs' expert. As such, the Court does not address these claims here.

NOT FOR PUBLICATION

Once the moving party has carried its burden under Rule 56, "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts in question." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356 (1986). To survive a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence in his favor. Woloszyn v. County of Lawrence, 396 F.3d 314, 319 (3d Cir. 2005). The non-moving party must go beyond the pleadings and, by affidavits or other evidence, designate specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex, 477 U.S. at 324. "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972).

At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. Id. at 255; Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).

**DISCUSSION**

**A. Summary Judgment**

Plaintiffs claim that defendants failed to warn her that objects thrown from the blade of the mower could ricochet off fixed objects and injure her. Defendants argue that they are entitled to summary judgment on this claim because plaintiffs have failed to prove proximate cause. According to defendants, plaintiffs "[have] submitted no affidavit and cited nothing in the record

**NOT FOR PUBLICATION**

to demonstrate that she was not aware that objects thrown from the blade housing could ricochet off surfaces and strike and injure her." (Def.'s Supp. 7.)

Defendant is correct that plaintiffs must prove that the alleged failure to warn was the proximate cause of her injuries. Under New Jersey law, in order to succeed on a failure to warn claim, the plaintiffs bear the burden of proving that the failure to warn was the proximate cause of the plaintiffs' injury. Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 73 (3d Cir. 1996). Evidence that a plaintiff alleging failure to warn had subjective knowledge of the danger in question tends to undermine causation. See Campos v. Firestone Tire & Rubber Co., 98 N.J. 198, 209 (1984). If there is no genuine issue of material fact as to plaintiffs' subjective knowledge of the danger of ricochet, defendant would be entitled to summary judgment.

However, the party moving for summary judgment bears the initial burden of identifying the portion of the pleadings that demonstrates the absence of a genuine issue of material fact. "Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Fed. R. Civ. P. 56 1964 advisory committee's note. While plaintiffs must do more than present a "scintilla of evidence," defendants must first satisfy this burden. In this case, defendant has failed to meet it burden because it has failed to point to any evidence on the record to demonstrate that Mrs. Mascola had subjective knowledge that material could be thrown from the mower *and* ricochet off vertical surfaces causing serious injury. Mrs. Mascola did testify that she knew objects could be thrown from the mower and that, once thrown, they could result in serious injury to her or another person. (Mascola Dep. 84:22-85:17, July 6, 2005.) However,

**NOT FOR PUBLICATION**

this testimony does not establish that Mrs. Mascola knew that such objects, once thrown, could cause injury by ricocheting off vertical surfaces and as a result that such vertical surfaces should be avoided while operating the mower. Based on the record before the Court, it is entirely possible that Mrs. Mascola, as she testified, anticipated the danger of objects being thrown from the mower without anticipating that such objects could ricochet with sufficient force as to cause serious injury. While evidence of Mrs. Mascola's subjective knowledge of the danger of ricochet would tend to undermine causation, absence of evidence to the contrary does not necessarily do the same.

Even if defendants had met their burden, plaintiffs have introduced sufficient evidence to survive a summary judgment motion. Plaintiffs' expert, Dr. Mark Ezra, testified that the potential for occurrences of ricochet would "not be obvious to the ordinary user and yet would be capable of causing injury or death." (Meyers Cert. Ex. H at 2.) Even defendant's expert conceded that the risk of ricochet might not be obvious to the average user of the mower. (Elmy Dep. 40:9-23, July 10, 2007.) Absent evidence to the contrary, this testimony would allow a reasonable juror to conclude that Mrs. Mascola did not have subjective knowledge of the risk of ricochet. Because defendant has failed to meet its burden under Rule 56, summary judgment is inappropriate.

      **B.**    **Rule 16**

Defendant argues that several of the facts asserted by plaintiffs in its opposition constitute new claims that plaintiffs have waived by failing to assert them in either the Joint Final Pretrial Order or during discovery. (Def.'s Supp. 7-8.) In its opposition, plaintiffs asserted as

**NOT FOR PUBLICATION**

uncontroverted facts that defendants failed to warn plaintiffs that the rear deflector guard could fail from "brittle failure" while the mower was being used, "that the rear deflector guard had a limited life span and could fail while the mower was being used" and that, if the guard "failed in a brittle fracture, a gap or hole could be created in the rear deflector guard that was large enough for a stone or other hard object to be ejected through." (Pl.'s Additional Statement of Uncontroverted Facts ¶¶ 1, 2, 4, Pl.'s Opp. 3.) In the Joint Final Pretrial Order, defendant listed as contested facts that the guard was subject to "brittle failure, "that the guard needed to be periodically replace" and that "... a stone was ejected through a hole in the rear deflector guard of [the mower]." (Pl.'s Contested Facts ¶¶ 4, 5, 11, Joint Final Pretrial Order 8.) Defendant's argument then is that plaintiffs' uncontroverted facts implicitly broaden plaintiffs' failure to warn claim, by adding the phrase "while the mower was being used" and by claiming that defendants should have warned that a gap large enough for a stone could be created in the guard.

Rule 16 provides that pretrial orders "control[] the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Once entered a pretrial order "limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." Basista v. Weir, 340 F.2d 74, 85 (3d Cir. 1965). However, the court has discretion to construe the pretrial order liberally. See Shell Petroleum, Inc. v. United States, 182 F.3d 212, 218 (3d Cir. 1999) (citing United States Gypsum Co. v. Schiavo Bros., 668 F.2d 172, 181 n. 12 (3d Cir.1981)). "Generally, pretrial orders under Rule 16 are to be liberally construed to embrace all legal and factual theories inherent in the issues defined therein." United States Gypsum Co., 668 F.2d at 181 n. 12. In determining if waiver is appropriate, courts have focused on the effective role that the

**NOT FOR PUBLICATION**

pretrial order plays in narrowing the factual issues of the case. See, e.g. Shell Petroleum, 182 F.3d at 218 (citing Keenan v. City of Philadelphia, 983 F.2d 459, 471 (3d Cir.1992)). Trujillo v. Uniroyal Corp., 608 F.2d 815, 818 (10th Cir. 1979) (refusing to read a pretrial order with more precision that it would the pleadings where the pretrial order was no more precise than the pleadings); Century Refining Company v. Hall, 316 F.2d 15, 20 (1963) (reading a pretrial order liberally because to do otherwise would "tend to unduly constrict the trial of the case and defeat the central and salutary purpose of the Federal Rules of Civil Procedure to insure the trial of every lawsuit on its merits").

With regard to the risk of a gap large enough for a stone to pass through, reading the language of the Joint Final Pretrial Order to "embrace all legal and factual theories inherent in the issues" of the case, the Court is convinced that this is not a new claim. Plaintiffs assert that as a result of defendants' failure to warn of the need to periodically replace the guard "a stone was ejected through a hole in the rear deflector guard." (Pl.'s Contested Facts ¶ 11, Joint Final Pretrial Order 9.) Moreover, plaintiffs assert that defendants' failure to warn that the guard was subject to brittle failure was a proximate cause of the accident. (Pl.'s Contested Facts ¶ 15, Joint Final Pretrial Order 10.) Although this language does not expressly identify the failure to warn of the potential for a gap, plaintiffs' expert testified that brittle failure could have caused the accident by creating a hole through which a rock ejected from the mower could pass. (Meyers Cert. Ex. G at 1.)

Whether plaintiffs have waived the other two claims is somewhat less clear. In the Joint Final Pretrial Order, plaintiffs listed as contested facts, *inter alia*, that defendants failed to warn

**NOT FOR PUBLICATION**

that the rear guard "was subject to brittle fracture" and of the need to periodically replace the guard. (Pl.'s Contested Facts ¶ 4, 5, Joint Final Pretrial Order 8.)  The Joint Final Pretrial Order does not expressly put in issue whether defendant failed to warn that these conditions could occur *while the mower was in use*.  However, the Joint Final Pretrial Order clearly implies that any such danger, arising from either brittle failure or by use of a guard that required replacement, would present itself while the mower was being used.  Defendant's reading of the Joint Final Pretrial Order would narrow plaintiffs' failure to warn claim to include only the failure to warn of "brittle failure" or of the need to replace the guard but not that either of these conditions could be dangerous while the mower was in use.  At its simplest, however, plaintiffs' claim is that defendants' failure to warn caused Mrs. Mascola to be injured while operating the mower. Plaintiffs have introduced evidence supporting several different theories of the accident. One of these theories involves failure of the guard while operating the mower.  For example, plaintiffs' expert opined that brittle failure could occur while the mower was being operated.  (Meyers Cert. Ex. E at 5-6.)    The Court will not read the Joint Final Pretrial Order so narrowly as to exclude these claims before they are tried on the merits.  C.f. United States Gypsum Co., 668 F.2d at 181 n. 12.  The Court also notes that it is unclear that the Joint Final Pretrial Order reflects an intent by the parties to narrow the issues in the manner that defendant suggests.  The "crucial question regarding waiver is whether defendants presented the argument with sufficient specificity to alert the district court." Keenan, 983 F.2d at 471.  Based on the record, the Court and defendant have had adequate notice of plaintiffs' claim.

Because the Court has discretion to read the pretrial order liberally, Shell Petroleum, 182 F.3d at 218, the Court reads plaintiffs' contested facts to include a failure to warn that such failures, whether due to "brittle failure" or exceeding the life span of the guard, could occur while

**NOT FOR PUBLICATION**

the mower was in use and denies defendants motion for summary judgment with regard to those claims.

**CONCLUSION**

    For the preceding reasons, defendant's motion for summary judgment is granted in part and denied in part.

**s/William H. Walls**
United States Senior District Judge

**Appearances**

Gary Martin Meyers, Esq.
Law Offices of G. Martin Meyers, PC
35 West Main Street
Suite 106
Denville, NJ 07834
    Attorney for Plaintiffs

David R. Kott, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
PO Box 652
Newark, NJ 07083
    Attorney for Defendants